CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 2 2 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JESSE E. HOFFMAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL ACTION NO. 7:05CV00046<br>CRIM. ACTION NO. 3:01CR00015<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Petitioner Jesse Hoffman brings this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Hoffman challenges the validity of his sentence for possession of cocaine base with intent to distribute and possession of a firearm in connection with drug distribution. On May 27, 2005, the United States filed a motion requesting that the court dismiss the petitioner's motion, or, in the alternative, that summary judgment be entered on behalf of the government. The court notified the petitioner of the government's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents contradicting or otherwise explaining respondent's evidence and argument. The time allotted by the court for the petitioner's response has expired and he has not responded; therefore, this action is ripe for the court's consideration. Upon review of the record, the court

denies the petitioner's § 2255 motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 6, 2001, a federal grand jury in the Western District of Virginia returned a four count indictment against Hoffman, charging him with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846; (2) using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); (3) distributing and possessing with intent to distribute a quantity of phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1); and (4) a second count of using and carrying one or more firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

After reaching a plea agreement with the government, Hoffman pled guilty to counts one and four of the indictment on June 18, 2001. The court granted the government's motion to dismiss counts two and three pursuant to the terms of the plea agreement. The government did not present any motion for a "substantial assistance" departure ("5K motion") and, on December 16, 2002, the court sentenced Hoffman to a term of imprisonment of 384 months. Hoffman appealed this sentence to the United States Court of Appeals for the Fourth Circuit, arguing that the district court should have compelled the government to move for a downward departure based on substantial assistance. The Fourth Circuit upheld the district court's decision, finding that the government had sole discretion file such a motion, as per the terms of the plea agreement. *See United States v. Hoffman*, 85 Fed.Appx. 952, 2004 WL 119347 (4th Cir. 2004).

Hoffman now files this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief on three grounds:

2

1. His sentence violates the Sixth Amendment because the quantity of drugs used to increase his statutory maximum sentence was an element of the offense, rather than a sentencing factor, and should have been determined by a jury.

2. His guilty plea was not made knowingly and voluntarily because he believed, upon advice from counsel, that his sentence would be substantially less than what it ended up being and that the government would file a 5K motion for substantial assistance. He claims that had he foreseen this outcome he would not have pled guilty. He also claims that counsel did not fully explain the terms of the plea agreement to him and that, as a former user of PCP, he could not have understood them on his own.

3. He received ineffective assistance of counsel because his attorney did not spend enough time preparing his defense or investigating the case, which would have revealed that the drugs involved were powder cocaine and not crack.

The government argues that the court should dismiss this motion because in the plea agreement Hoffman explicitly waived his right to collaterally attack the judgment and sentence of the court pursuant to § 2255. The waiver provision of the plea agreement reads as follows:

> "WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT
>
> I further knowingly and voluntarily agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court."

3

The government also refers to the Rule 11 plea colloquy held by this court on June 16, 2001 to show that Hoffman made this waiver knowingly and voluntarily. During the plea colloquy, the court established that Hoffman had gone up to about the 12th grade in school; that he was not then under the influence of any drug or medication or alcoholic beverage; and that he had discussed the terms of the plea agreement with his attorney. The court also questioned Hoffman with respect to the § 2255 waiver to make sure he understood the rights he was waiving.

THE COURT: Similarly, in paragraph G, you waive the right to attack collaterally the judgment. Has that been explained to you, a 2255 motion, habeas corpus and so on?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir, I do.

THE COURT: You are freely and voluntarily willing to waive your right in [this respect]?

THE DEFENDANT: Yes, sir.

The court likewise questioned Hoffman with respect to the voluntariness of his guilty plea and his satisfaction with counsel. Hoffman affirmed to the court that no one had attempted in any way to force him to plead guilty and that no promises or assurances, other than those contained in the plea agreement, were made to him by anyone in an effort to induce him to plead guilty. Moreover, he acknowledged that he understood the nature of the crimes with which he was charged, the possible sentences they carried, and the fact that he would be bound by the sentence imposed even if it were more severe than he had expected. Finally, Hoffman affirmed to the court that he was fully satisfied with the representation he received from counsel and that counsel had discussed the plea agreement with him and answered all questions he had concerning

4

it.

The government points to the above established facts to show that Hoffman knowingly and voluntarily agreed to the plea agreement and § 2255 waiver therein. Thus, it asks the court to dismiss the petitioner's motion, or, in the alternative, to grant summary judgment in its favor.

## II. DISCUSSION

### A. Waiver Of Collateral Attack Rights Under § 2255

In *U.S. v Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit joined all other circuits which have addressed the issue and held that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." When a petitioner's § 2255 motion asserts that such a waiver was not made knowingly and voluntarily, as Hoffman's motion asserts, a court must view the petitioner's allegations in light of the Rule 11 plea hearing to determine whether they are so palpably incredible, so patently frivolous or false as to warrant summary dismissal. *Id.* at 220. A defendant's sworn affirmations during a properly conducted Rule 11 colloquy carry a strong presumption of verity and, in the absence of extraordinary circumstances, allegations that contradict these statements are always palpably incredible and patently frivolous or false. *Id.* at 221. A district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Id.* at 222.

In *Lemaster*, the Fourth Circuit found that the defendant there had knowingly and voluntarily waived his right to collaterally attack his sentence or judgment under § 2255. The defendant made various allegations implicating the voluntariness of his waiver of collateral attack rights. Specifically, he alleged that counsel inadequately explained the terms of the plea

5

agreement to him, that counsel inadequately failed to inform him of the possible punishment he faced, and that he was threatened with denial of medical care unless he pleaded guilty. *Id.* Because statements made during the Rule 11 colloquy contradicted these allegations, the Fourth Circuit found that the defendant's waiver was made knowingly and voluntarily and, therefore, affirmed the district court's summary dismissal of the case. In the instant case, Hoffman's § 2255 motion resembles that in *Lemaster* to the extent that it asserts that the plea agreement containing the waiver was not entered into knowingly and voluntarily. Thus, the court will examine the validity of his waiver and plea agreement against the backdrop of the statements made during the guilty plea hearing. If this waiver was knowing and voluntary, it will preclude Hoffman from challenging his conviction or sentence in this § 2255 motion.

### B. Hoffman's Waiver Was Knowing And Voluntary

In light of the factual similarities to *Lemaster* and Hoffman's sworn statements during the Rule 11 plea colloquy, it is clear that the court must dismiss his § 2255 motion. At the heart of Hoffman's motion is the contention that he did not knowingly and voluntarily enter into the plea agreement and § 2255 waiver therein, yet this assertion is without any merit. Hoffman's affirmations establish that he understood that the plea agreement would waive his right to collaterally attack his sentence and judgment and that he was not threatened or improperly induced into entering into the agreement. His contention that he did not knowingly or voluntarily enter into the plea agreement and § 2255 waiver also fails because his sworn statements directly contradict this assertion. These statements conclusively establish that he did not enter into the plea agreement with a misunderstanding of the risks accompanying his plea of guilty. After all, he affirmed in court that he understood that the resulting sentence could be greater than expected

6

and that he was in no way guaranteed a 5K motion from the government, because this caveat appeared in the plea agreement which he confirms was explained to him by his attorney. Finally, the court cannot find that he could not have understood the terms of his plea agreement on account of his previous use of PCP because at the Rule 11 colloquy he swore that he was not under the influence of any drug, medication, or alcohol and that he felt "all right" physically. No extraordinary circumstances appearing to be present in this case, Hoffman's allegations are patently false in that they are all contradicted by his sworn statements. Therefore, the court concludes that Hoffman knowingly and voluntarily entered into the plea agreement and waived his right to collaterally attack the judgment and sentence of the court.

His challenge to the validity of the plea agreement and waiver having failed, Hoffman is precluded from bringing forth this § 2255 motion on the remaining grounds concerning determination of drug weight and ineffective assistance of counsel generally. *See id.* at 220. Therefore, his motion to vacate, set aside, or correct his sentence will be dismissed.

## III. CONCLUSION

For the reasons stated above, the court will grant the government's motion to dismiss petitioner's § 2255 motion in its entirety. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.

ENTERED: /s/ Norman K. Moon
United States District Judge

8/22/05
Date

8